IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MAKUEEYAPEE D. WHITFORD,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ORRINO,<br><br>Defendant. | CV 22-12-H-SEH<br><br><br>ORDER |

Defendant Robert Orrino (Orrino) moved for summary judgment under Fed. R. Civ. P. 56, seeking (1) dismissal of the claims by Plaintiff Makueeyapee D. Whitford (Whitford) that Orrino used excessive force and retaliated against Whitford, and (2) a determination by the Court that Orrino is entitled to qualified immunity.[1] Whitford responded to Orrino's motion with a separate Fed. R. Civ. P. 56(d) motion.[2] No Statement of Disputed Facts as required by L. R. 56.1(b) was submitted by Whitford.

ANALYSIS

**A. Summary Judgment Standard.**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] The movant must inform the court of the basis for its motion and

---

[1] Doc. 32.
[2] Doc. 44.
[3] Fed. R. Civ. P. 56(a).

identify portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which the movant believes demonstrate the absence of a genuine issue of material fact.[4] A material fact is one that might affect the outcome of the suit under governing law.[5]

If the moving party has satisfied its initial burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, specific facts showing a genuine issue for trial.[6] The Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in the non-moving party's favor.[7]

## B. Whitford's Rule 56(d) Motion.

Whitford alleges Orrino used excessive force when Orrino tackled him.[8] He seeks a list of inmates who were in the cells around the area where the underlying events took place in order to obtain their testimony.[9] He claims these inmates will be able to contradict the testimony of several officers whose affidavits and incident reports were submitted in support of Orrino's motion for summary judgment.

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[6] *Celotex*, 477 U.S. at 324.
[7] *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1021 (9th Cir. 2007).
[8] *See* Doc. 1.
[9] Doc. 44 at 7–8.

2

Whitford also claims he has "not had any discovery,"[10] citing the proposition that summary judgment should not be granted against a party who has not received responses to discovery requests,[11] although he acknowledges he did receive responses to discovery requests on October 24, 2022, and has never moved to compel any discovery.[12]

If "a summary judgment motion is filed . . . early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any [Rule 56(d) ] motion fairly freely."[13] In such a case, the moving party must show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[14] The movant "must make clear what information is sought and how it would preclude summary judgment."[15]

A court should deny a Rule 56(d) motion if a party moving for summary judgment provides evidence that "affirmatively negates the factual issues which the

---

[10] *Id.* at 1.
[11] *Id.* at 6.
[12] Doc. 43 at 4.
[13] *Burlington Northern Santa Fe R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).
[14] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg.*, 525 F.3d 822, 827 (9th Cir. 2008).
[15] *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (quoting *Garrett v. City & Cty. of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987)).

opposing party claims remain controverted."[16] Failure to comply with Rule 56(d) requirements "is a proper ground for denying discovery and proceeding to summary judgment."[17]

In Whitford's case, he has not shown evidence exists to create a disputed material issue of fact. He relies entirely on allegations in the Complaint and three Declarations attached to his response, two by himself and one by another inmate.[18] The evidence before the Court specifically contradicts the proposed evidence sought by Whitford. The Rule 56(d) motion is denied.

### C. Whitford's Failure to File a Statement of Disputed Facts.

L.R. 56.1(b) requires require a party to file a Statement of Disputed Facts.[19] Whitford's "hope that further evidence may develop prior to trial and that such evidence will contradict the affidavits already in the record is insufficient to support the motion for relief under Rule 56(d)."[20]

---

[16] *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987).

[17] *Family Home*, 525 F.3d at 827 (quoting *Cal. on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

[18] Doc. 44 at 11.

[19] *Rocky Mountain Biologicals, Inc. v. Microbix Biosystems, Inc.*, 986 F.Supp.2d 1187, 1199 (D. Mont. 2013) (holding that moving for a Rule 56(d) deferral does not eliminate a party's obligation to submit a timely, compliant Statement of Disputed Facts).

[20] *Id.* at 1203 (citing *Cont'l Mar. v. Pacific Coast Metal Trades Dist. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987)).

**D. Excessive Force Claim.**

Orrino contends he is entitled to qualified immunity because he did not violate Whitford's Eighth Amendment rights.[21] "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[22] If prison officials acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard applies.[23]

Whitford has a history of disciplinary infractions at Montana State Prison, including additional convictions of two counts of assault with bodily fluid while incarcerated.[24] The Court has viewed the video of the alleged excessive force,[25] considered in the context of the information provided about Orrino's knowledge of Whitford's prior behavior.[26] The Court may use and has used the video of the alleged

---

[21] Doc. 33 at 9; *see also Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 797 (9th Cir. 2018) ("More than *de minimis* force applied for no good faith law enforcement purpose violates the Eighth Amendment.") (emphasis in original).
[22] *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022). Additionally, the two-part test for determining whether an alleged deprivation is cruel and unusual punishment asks: (1) was the deprivation sufficiently serious and (2) did the officials act with a sufficiently culpable state of mind? *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).
[23] *Rodriguez*, 891 F.3d at 796 ("A plaintiff cannot prove an Eighth Amendment violation without showing that force was employed 'maliciously and sadistically' for the purpose of causing harm.").
[24] Doc. 34 at 2.
[25] Doc. 36, Exh. J.
[26] Doc. 34 at 4, 34-2.

use of excessive force to assist in its determination of what a reasonable jury could conclude.[27]

Whitford contends that he was ordered to return to his cell from the recreation yard, that he refused to do so, and continued to try to leave the assigned area without permission after Orrino ordered him to be searched again.[28] A confrontation with the officers occurred in which Whitford used profane language directed at the officers, refused to submit to another search, and continued to try to leave the area without permission causing Orrino and other officers to restrain, immobilize, and put Whitford in ankle restraints.[29] Once on the ground, steady force was applied to restrain Whitford, but he was not struck or otherwise treated violently.

Orrino's concern about Whitford's refusal of a direct order and unauthorized movement on his own, given Whitford's extensive history of indiscipline, assaults, and threats toward detention staff, was justified.[30] Orrino's response to Whitford's refusal to follow Orrino's order was reasonable[31] Orrino's use of force was not excessive, and was necessary and required to ensure Whitford complied with a direct order and remained in the control of officers. The threat perceived was reasonable, and the force used to ensure compliance was justified.

---

[27] *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).
[28] *Id.* at 9–10.
[29] *Id.* at 11.
[30] Doc. 34-3.
[31] *Rodriguez*, 891 F.3d at 796.

**E. Retaliation Claim.**

Whitford also alleges a First Amendment retaliation claim, in which he asserts Orrino retaliated because Whitford (1) decided not to go out to exercise and (2) because Orrino filed grievances against him.[32] The Rule 56(d) argument made no mention of evidence that might be needed to respond to summary judgment on the retaliation claim. Orrino's Statement of Undisputed Facts remain unchallenged and unrefuted.

A prisoner suing prison officials for retaliation must allege he or she was retaliated against for exercising his or her constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline.[33] Retaliation is not established simply by showing adverse activity by a defendant after engaging in protected speech.[34] Rather, the plaintiff must show a nexus between the two.[35] "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful

---

[32] Doc. 1 at 10–11.
[33] *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) (citations and internal quotations omitted). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).
[34] *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).
[35] *Id.*

"substantial" or "motivating" factor in the decision resulting in the adverse action,[37] and also must prove the absence of legitimate penological reasons for the alleged retaliatory conduct.[38]

Neither of Whitford's retaliation claims survive summary judgment. The claim regarding refusing to go to the yard fails for the same reasons as the excessive use of force claim. Whitford's assumption that Orrino was motivated by Whitford's choice not to go out for exercise, rather than by (1) Whitford's refusal to submit to a search, (2) his profanity and threats toward staff, and (3) by his unauthorized movement, is speculative at best. Whitford has not established Orrino's actions chilled his speech in any way. Any claim that the retaliation was in response to Whitford's grievances is even more unsupportable, particularly given Whitford's most recent grievance filed against Orrino himself was for alleged events occurring over a year earlier.[39]

## CONCLUSION

The undisputed facts show Orrino did not use excessive force in his interaction with Whitford in violation of the Eighth Amendment and did not retaliate against Whitford in violation of the First Amendment. Orrino is entitled to summary judgment.

---

[37] *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314–15 (9th Cir. 1989) (citations omitted).
[38] *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).
[39] Doc. 34-1 at 5–6.

8

**ORDERED:**

1. Orrino's motion[40] is **GRANTED**.

2. Whitford's motion[41] is **DENIED**.

3. The Clerk is directed to enter judgment under Fed. R. Civ. P. 58.

DATED this 7th day of December, 2022.

Sam E. Haddon
United States District Court Judge

---

[40] Doc. 32.
[41] Doc. 44.